UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:
    CLINCE KENT MORVANT                              CASE NO. 16-50677
    DENISE BERNARD MORVANT
    Debtor(s)                                                           CHAPTER 7

UNITED STATES TRUSTEE'S MOTION
TO DISMISS PURSUANT TO 11 U.S.C. §§707(b)(2) AND/OR (b)(3)

COMES NOW Henry G. Hobbs, Jr., Acting United States Trustee for Region 5 (hereinafter "UST"), by and through undersigned counsel, and files this Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(2)and (b)(3), and in support thereof represents to the Court as follows:

1.

The debtors filed a Petition under Chapter 13 of the Bankruptcy Code on May 17, 2016. The debtors voluntarily converted case to Chapter 7 on July 12, 2016. The first date set for the chapter 7 meeting of creditors under 11 U.S.C. Section 341(a) was September 1, 2016.

2.

The debtors' scheduled debts are primarily, if not exclusively, consumer debts.

3.

The debtors filed a Chapter 13 Means Test on official form 122C-1 ("Chapter 13 Means Test") on May 17, 2016. The Chapter 13 Means Test indicates the debtors had current monthly income of $8,984.00 and total deductions of $7,186.96 for a monthly disposable income on the Chapter 13 Means Test of $1,797.04; therefore, there was a 5 year commitment period in the chapter 13.

4.

After the debtors' case was converted to chapter 7 on July 12, 2016, the UST reviewed the debtors' pay advices, statements, and schedules filed in the chapter 13 case and the applicable deductions and prepared a UST Chapter 7 Means Test, which showed the presumption of abuse arises in the case.

5.

The UST's office requested information to establish if the debtors have any basis to assert the presumption of abuse did not arise or any changed circumstances.

6.

The UST timely filed a statement pursuant to 11 U.S.C. §704(b)(1)(A), on September 12, 2016, indicating the presumption of abuse arises.

7.

On September 13, 2016, the debtors provided the UST a sworn statement that he has been unemployed since June 27, 2016, with the exception of 2 days in August.

8.

The joint debtor appeared at a continued meeting of creditors on September 29, 2016. The debtor (husband) did not appear and the trustee was told he was working. The meeting of creditors as to the debtor was continued to October 13, 2016.

9.

The UST requested copies of the debtor's current pay advices and received pay advices for August and September 2016. As of September 15, 2016, his total gross income for the year was $75,835. Dividing his total gross for the year by 8.5 (January – September 15, 2016), the

debtor has an average gross monthly income of $8,921.83. With this income the debtors are above the median income for household size of two.

10.

Section 707(b)(2)(A)(i) of the Bankruptcy Code provides, in pertinent part:

. . . the court shall presume abuse exists if the debtor's current monthly income reduced by [certain deductions] and multiplied by 60 is not less than the lesser of -

(I) 25 percent of the debtor's nonpriority unsecured claims in the case or $7,475, whichever is greater; or

(II) $12,475.

11.

Based on the information in the debtors' Chapter 13 Means Test, the debtors' case is presumptively abusive under §707(b)(2)(A)(i). The Court should dismiss this case as an abuse of the provisions of chapter 7 pursuant to 11 U.S.C. §707(b)(2).

12.

This case is also subject to dismissal under a "totality of the circumstances" analysis pursuant to 11 U.S.C. §707(b)(3).

13.

Section 707(b)(3) of the Bankruptcy Code provides, in pertinent part:

"In considering ... whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption [of abuse] does not arise or is rebutted, the court shall consider-

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances ... of the debtor's financial situation demonstrates abuse."

14.

A UST Chapter 7 Means Test was calculated with the following adjustments:

a) used the debtors' income per the most recent pay advices,

b) increased taxes per the pay advices,

c) corrected the amount of the "Vehicle ownership or lease expense" for the 2011 Ford F150, and

d) corrected the amount of the "Vehicle ownership or lease expense" for the 2010 Kia Soul.

The UST calculates monthly disposable income of $2,396 causing the presumption to arise. The disposable income over a 60-month period would total $143,776. The debtors listed unsecured claims on schedule F totaling $77,608. Assuming this amount of unsecured debt is correct, the debtors could pay approximately 100% of the unsecured debt over a 60-month period.

15.

It is abuse to grant a discharge in a chapter 7 case when the debtors have a "substantial" ability to repay debts through a chapter 13 plan. *See, e.g., In re Hill*, 328 B.R. 490, 497 (Bankr. S.D. Tx 2005).

16.

The debtors have a substantial ability to repay the unsecured debts through a chapter 13 plan; therefore, the Court should dismiss this case based on the totality of the circumstances pursuant to 11 U.S.C. §707(b)(3).

17.

The UST hereby advises he will submit to the Court for consideration at the hearing on this Motion, the case file, including all Schedules and Statements; the information provided by the debtors; the statements at the Meeting of Creditors; the Debtors' Chapter 13 Means Test, and the Means Test computations by the UST, and any additional information which may be discovered or become relevant in the future.

18.

The debtors are not in the military service as evidenced by the attached Military Status Report (Exhibits "A" and "B").

WHEREFORE, the UST prays for an order dismissing this case pursuant to 11 U.S.C. §707(b)(2), and/or §707(b)(3) and for all general and equitable relief which may be just and proper under the circumstances.

                                      Respectfully submitted,

                                      HENRY G. HOBBS, JR.
                                      Acting United States Trustee
                                      Region 5, Judicial Districts
                                      of Louisiana and Mississippi

                    By:    /s/Gail Bowen McCulloch
                             Gail Bowen McCulloch

Gail Bowen McCulloch
Trial Attorney, Office of U. S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101
Telephone No. (318) 676-3456
Direct Telephone No. (318) 676-3550
Facsimile No. (318) 676-3212

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§707(b)(2) and (b)(3)* has been either mailed by first class mail, postage prepaid, or transmitted by CM/ECF to the following parties:

Clince Kent Morvant
7115 Loreauville Road
New Iberia, LA 70563

Denise Berard Morvant
7115 Loreauville Road
New Iberia, LA 70563

Donald R. Fuselier
P.O. Box 12994
New Iberia, LA 70562

Elizabeth G. Andrus
500 Dover Blvd, Suite 334
Lafayette, LA 70503

United States Attorney's Office
Western District of Louisiana
800 Lafayette St., Suite 2200
Lafayette, LA 70501-7206

Attn: BMW Financial Services NA, LLC Department
Ascension Capital Group
Account: XXXXX9248
P.O. Box 201347
Arlington, TX 76006

Date:   October 7, 2016                     By:   */s/ Samantha A. Scott*
                                                        Samantha A. Scott
                                                        Paralegal Specialist
                                                        Office of the United States Trustee
                                                        300 Fannin Street, Suite 3196
                                                        Shreveport, LA 71101
                                                         Telephone No. (318) 676-3456